## JAMES ALEXANDER MAYES v. STATE OF MARYLAND

[No. 78, September Term, 1981.]

*Decided February 4, 1982.*

The cause was submitted on briefs to MASON, LISS and WILNER, JJ.

Submitted by *Alan H. Murrell, Public Defender,* and *Bradford C. Peabody, Assistant Public Defender,* for appellant.

Submitted by *Stephen H. Sachs, Attorney General, Stephen Rosenbaum, Assistant Attorney General, William A. Swisher, State's Attorney for Baltimore City,* and *Richard Berger, Assistant State's Attorney for Baltimore City,* for appellee.

MASON, J., delivered the opinion of the Court.

James Alexander Mayes, appellant, was convicted at a bench trial in the Criminal Court of Baltimore of first degree rape. He was committed to the custody of the Division of Correction for thirty years. On appeal he contends:

1. That the court erred in failing to comply with the provisions of Maryland Rule 735 d.[1] regarding waiver of a jury trial.

2. That the evidence was insufficient to sustain his conviction of first degree rape.

I.

Regarding Maryland Rule 735 d., the following colloquy occurred prior to trial:

THE COURT: So that at this time we are going to proceed with the trial. You have a right to have your case heard by a jury of twelve people selected at random, that is people from all over the community, and if you want to have a jury trial, those twelve jurors would have to decide, beyond a reasonable doubt, whether you are in fact guilty of committing the crime with which you are charged, and number two, whether or not you are guilty or not guilty by reason of insanity. That is whether you are responsible for committing the act. If they

_____

1. Maryland Rule of Procedure 735, section d. If the defendant elects to be tried by the court, the trial of the case on its merits before the court may not proceed until the court determines, after inquiry of the defendant on the record, that the defendant has made his election for a court trial with full knowledge of his right to a jury trial and that he has knowingly and voluntarily waived the right.

find you committed it because of your mental condition, do you understand what I am saying?

MR. MAYES: Yes, ma'am.

THE COURT: Now, if you wish to do so you may give up your right to be tried by a jury and submit to a determination by the Court, both as to the factual guilt and as to your sanity at the time of the alleged offense. And this is the time when you must make that choice whether you want a jury trial or whether you want to be tried by the Court.

MR. MAYES: I want to be tried by the Court.

MR. ELLIS [Counsel for appellant]: Yes, Mr. Mayes you understand that as the Judge explained to you you do have a right to a jury trial.

THE COURT: Mr. Ellis I have explained it to him. I am satisfied that Mr. Mayes understood what I just told him. I am also satisfied that his very competent counsel yourself, has discussed this matter with him at great length.

Relying on *Countess v. State,* 286 Md. 444, 408 A.2d 711 (1979) and *State v. Ricketts,* 290 Md. 287, 429 A.2d 1025 (1981), appellant argues that Maryland Rule 735 d. was not complied with because he was not advised that the jury's verdict had to be unanimous. In holding that the record must show that the defendant has a basic understanding of the nature of a jury trial, the Court of Appeals in *Countess* said:

We think that this understanding is generally satisfied when the defendant entitled to a jury trial knows that he has the right to be tried by a jury of twelve persons or by the court without a jury; that whether trial is by a jury or by the court, his guilt must be found to be beyond a reasonable doubt; that in a jury trial all 12 jurors must agree that he is so guilty but in a court trial the judge may so find. *Id.* at 455.

In the instant case appellant was advised, among other

things, that a jury consisted of twelve persons and "those twelve jurors would have to decide beyond a reasonable doubt whether you are in fact guilty of committing the crime with which you are charged." We find no difference in the meaning of what the trial court advised appellant and what was said in *Countess, i.e.,* "that in a jury trial all twelve jurors must agree that he is so guilty." Inasmuch as a verbatim recital of the language contained in *Countess* is neither required nor necessary to convey to a defendant that a jury's verdict of guilty must be unanimous, we think the language used by the lower court was in compliance with Maryland Rule 735 d. as interpreted by *Ricketts* and *Countess.*

## II.

As to appellant's argument that the evidence was insufficient to support his conviction of first degree rape, a review of the record discloses the following facts:

At approximately 7:00 a.m., on 18 September 1978 the victim, a thirty-three year old mother of three children, was grabbed from behind by appellant while she was walking to work on Reisterstown Road. When the victim screamed, appellant smacked her in the face and told her to shut up. He then put his arm around her and dragged her to a wooded area where a discarded box spring was located. At this point appellant told the victim to take off her clothes. According to the victim: "Well, I didn't take them off. He took them off. And, uhm, he pushed me down on the mattress and, uhm, he had intercourse, then he told me to get up and he said you're coming with me, and when I stood up I saw a police officer and I screamed and he came over."

After cross-examination of the victim, the following colloquy occurred between the court and the victim regarding the offense:

> THE COURT: Now, do I understand his way of making you submit to him was just using, grabbing

you? Did he display any kind of weapon at any time?

A. No, he didn't show a weapon.

THE COURT: Just using physical force?

THE WITNESS: Yes.

THE COURT: Were you injured in any way other than to be forced to have intercourse?

THE WITNESS: Uhm, I had, where he had smacked me in the face, I had a cut on my lip.

THE COURT: Did he remove all of your clothes?

THE WITNESS: No, just from the waist down.

THE COURT: What about his clothes?

THE WITNESS: He took them all off.

THE COURT: Everything?

THE WITNESS: Yes.

THE COURT: Was that the condition in which you and he were in when the officer arrived?

THE WITNESS: Yes.

THE COURT: He was totally naked and you were, had your clothes off from the waist down?

A. Yes.

THE COURT: What did he do when the officer arrived that you observed?

THE WITNESS: He didn't do anything. The police officer told him to put his hands up and he didn't move.

THE COURT: That's what he did?

THE WITNESS: Yes.

THE COURT: Did he say anything?

THE WITNESS: I think he said it's all right she's my girlfriend or something.

THE COURT: Were you screaming the whole time?

THE WITNESS: No, I wasn't screaming the whole while.

THE COURT: You screamed when he first encountered you I believe?

THE WITNESS: Yes.

THE COURT: How far from the street were you when he was attacking you?

THE WITNESS: It wasn't very far, I don't know exactly. I guess about as far from here over to that window.

THE COURT: Here to where?

THE WITNESS: To that window.

THE COURT: I guess that's about twenty-five feet.

The statutory elements of first degree rape as set forth in Maryland Annotated Code (1957, 1976 Repl. Vol., 1981 Cum. Supp.) Article 27, section 462, are as follows:

Section 462. First degree rape.

(a) What constitutes. — A person is guilty of rape in the first degree if the person engages in vaginal intercourse with another person by force or threat of force against the will and without the consent of the other person and:

(1) Employs or displays a dangerous or deadly weapon or an article which the other person reasonably concludes is a dangerous or deadly weapon; or

(2) Inflicts suffocation, strangulation, disfigurement, or serious physical injury upon the other person or upon anyone else in the course of committing the offense; or

(3) Threatens or places the victim in fear that the victim or any person known to the victim will be imminently subjected to death, suffocation, strangulation, disfigurement, serious physical injury, or kidnapping; or

(4) The person commits the offense aided and abetting by one or more other persons.

The only sub-section of the first degree rape statute which is conceivably relevant to the facts in this case is sub-section 462 (a) (3). Appellant concedes, as he must, that there was sufficient evidence to establish that the rape was accomplished by force against the will and without the consent of the victim. He argues, however, that in order to elevate a forceable rape to first degree rape one of the specific aggravating circumstances enumerated in section 462 must be established. Therefore, according to appellant:

> It is not enough to be merely apprehensive or fearful in general, for the statute specifies that the appellant must 'place' the victim in fear of 'death, suffocation, strangulation, disfigurement, *serious* physical injury, or kidnapping. . . .' Section 462 (a) (3) (emphasis added). Fear of a 'smack' in the face with the hand, or fear of a bloody lip would hardly suffice under the terms of the statute.

The State, on the other hand, argues that appellant's striking the victim, under the circumstances in which it occurred, was reasonably calculated to create in the victim's mind a real apprehension of imminent and serious physical injury. Thus, according to the State, the evidence was sufficient to constitute rape in the first degree.

Under the statutory scheme of things the legislature divided the common law crime of rape into first and second degree. An accused is guilty of rape in the second degree if "he engages in vaginal intercourse with another person by force or threat of force against the will and without the consent of the other person. . . ." Maryland Annotated Code (1981 Cum. Supp.) Article 27, section 463 (a) (1). *See State v. Rusk,* 289 Md. 230, 424 A. 2d 720 (1981). Unlike second degree rape, in order to find an accused guilty of first degree rape not only must it be established that he had vaginal intercourse with the victim by force against her will and without her consent, it also must be established that he placed "the victim in fear that the victim. . . will be imminently subjected to death, suffocation, strangulation, disfigurement, serious physical injury, or kidnapping. . . ."

*See Blotkamp v. State,* 45 Md. App. 64, 70-71, 411 A. 2d 1068 (1980) where this Court, in holding that the evidence was sufficient to constitute first degree rape, said: "Appellant's pointed and repeated reference to having a knife, under the circumstances in which it was made, was certainly calculated — reasonably calculated — to create in Susan's mind a real apprehension of serious and imminent bodily injury if she did not comply with his wishes; and if she had that apprehension, as she said she did, then she was indeed threatened."

In this case our concern is not whether appellant had vaginal intercourse with the victim by force against her will and without her consent — that is conceded. Our concern is whether there were sufficient additional elements of aggravation in the commission of this offense to elevate it from an undisputed second degree rape to first degree rape. More specifically, was the evidence sufficient to show that appellant threatened or placed the victim in fear of serious physical injury within the meaning of the statute? Inexplicably, this question was given little, if any, consideration by the court or counsel below. Although appellant was charged in a six count indictment with first degree rape, second degree rape, and four other related counts, the only discussion in the record regarding the first count (first degree rape) vis-a-vis the other counts in the indictment, is as follows:

> THE COURT: The Court finds that the State has sustained its burden of proof beyond a reasonable doubt, that at the time of the commission of the alleged act Mr. Mayes was responsible. Therefore, that he was sane. And the verdict will, therefore, be guilty.
>
> * * *
>
> MR. BERGER: If Your Honor please, as to the technicalities, the Court did find the defendant guilty. There are several counts of the indictment. Would that be as to the first count of the indictment?
>
> THE COURT: Yes.

In determining whether appellant placed the victim in fear of serious physical injury, we consider not only the conduct of appellant, but the state of mind of the victim. As to the victim's state of mind, in *State v. Rusk, supra,* the Court of Appeals, in discussing *Hazel v. State,* 221 Md. 464, 157 A. 2d 922 (1964), observed:

> While *Hazel* made it clear that the victim's fear had to be genuine, it did not pass upon whether a real but unreasonable fear of imminent death or serious bodily harm would suffice. The vast majority of jurisdictions have required that the victim's fear be reasonably grounded in order to obviate the need for either proof of actual force on the part of the assailant or physical resistance on the part of the victim. We think that, generally, this is the correct standard. *Id.* at 243-244.

Here, no inquiry was made of the victim regarding her state of mind, *i.e.,* whether she was, in fact, in fear of serious physical injury. Moreover, appellant did not threaten the victim with serious physical injury. There was evidence, however, that appellant grabbed the victim on a public street in the daylight hours, smacked her in her face when she screamed, put his arm around her and dragged her into a wooded area about twenty-five feet from the street, and had intercourse with her. The critical question, as we view it, is whether this evidence, standing alone, was sufficient to constitute placing the victim in fear of serious physical injury as contemplated by the statute. We think not. The statute requires more than the placing of the victim in fear of physical injury generally. It specifically requires the victim to be placed in fear of serious physical injury which, in the context of the statute, means being placed in fear of physical injury analogous to "death, suffocation, strangulation or disfigurement." This was not the case here.

For the reasons herein stated we conclude that the evidence was insufficient to sustain appellant's conviction of rape in the first degree. There was sufficient evidence, how-

ever, to justify appellant's conviction of the lesser included offense of rape in the second degree. In finding appellant guilty of rape in the first degree, the trial court implicitly found and appellant conceded his guilt of rape in the second degree. Therefore, we remand this case to the trial court with instructions to enter a judgment of conviction for rape in the second degree and to resentence appellant. *See DeMarrias v. United States,* 453 F. 2d 211 (8th Cir. 1972), and Maryland Rule 1071(b).

> *Judgment reversed.*
>
> *Case remanded to trial court to enter a judgment of conviction for rape in the second degree and to resentence appellant.*
>
> *Costs are not reallocated as part of the judgment of this court pursuant to Maryland Rule 1082f.*