487 A.2d 1204

Thomas **SCOTT**

v.

**STATE of Maryland.**

**No. 630, Sept. Term, 1984.**

Court of Special Appeals of Maryland.

Feb. 11, 1985.

600

Peter M. Levin, Assigned Public Defender, Baltimore (Alan H. Murrell, Public Defender, Baltimore, on brief), for appellant.

Valerie V. Cloutier, Asst. Atty. Gen., Baltimore (Stephen H. Sachs, Atty. Gen., Kurt L. Schmoke, State's Atty. for Baltimore City, and Gary Ticknor, Asst. State's Atty., for Baltimore City, Baltimore, on brief), for appellee.

Submitted before BISHOP, GARRITY and ADKINS, JJ.

ADKINS, Judge.

Thomas Scott appeals his conviction for first degree rape for two reasons. First, he contends that a statement given by him to the police was coerced and in violation of *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Second, he asserts that the evidence in the record is insufficient to establish the aggravation required to elevate a second degree rape to a first degree rape.

The instant case had its genesis in a sexual assault that took place on the night of June 10, 1983. For purposes of this decision, it is unnecessary to rehash the details of this assault. Suffice it to say that the appellant, age 15, had sexual intercourse with the five-year old victim. As a result, the victim suffered vaginal trauma, described as an "[u]nremarkable" 2–3 cm. tear in the perineal area "which was bleeding mildly," and a loss of her virginity.

## The Confession

Shortly after the incident, the victim identified the appellant as the man who had done something "nasty" to her. The appellant was taken into custody and, after a lengthy booking session, he was placed in a small room. According to his testimony at the suppression hearing, two officers entered the room and threatened him with a blackjack. Later, the appellant's father proclaimed that he would hit him with a chair if he did not stop smiling. It is these threats, coupled with the appellant's youthful age and lack

of experience with law enforcement procedures, that the appellant contends rendered his confession involuntary.

■ To be admitted into evidence, a confession must be both voluntary and it must be given after the accused has properly waived his rights under *Miranda* and its progeny. *Schmidt v. State,* 60 Md.App. 86, 96, 481 A.2d 241 (1984). If either of these conditions has not been met, the confession cannot be used to obtain a conviction.

There are two hurdles that a confession must clear before it can be deemed voluntary. One is based on common law principles and the other examines whether the accused was accorded due process of law. The reason behind the rules is that confessions involuntarily given are inherently unreliable. R. Gilbert, C. Moylan, *Maryland Criminal Law: Practice and Procedure* § 39.1 (1984). In other words "a false confession [is] a cheap price to pay for being released from the thumbscrew or to be cut down from the yardarms." *Id.*

■ Under the State's non-constitutional common law, a confession must be given voluntarily or it cannot be admitted into evidence. *Finke v. State,* 56 Md.App. 450, 482, 468 A.2d 353 (1983). The focus of this inquiry is whether the accused was bullied or induced into incriminating himself. *Hillard v. State,* 286 Md. 145, 151–53, 406 A.2d 415 (1979). "A threat of corporeal violence is the clearest case of an inducement that excludes the confession." *Jackson v. State,* 209 Md. 390, 395, 121 A.2d 242 (1956) (quoting 3 J. Wigmore, *Evidence in Trials at Common Law* § 833 (Chadbourn rev. 1970)).

■ Scott asserts on appeal, as he did in the trial court, that he was threatened by the police. Unlike *Jackson,* where the police officers involved did not deny the allegations of brutality, the officers in this case took the stand at the suppression hearing and denied any knowledge of the incident. As a result, the trial judge was faced with conflicting testimony. Apparently, he chose to believe the police officers. Since it is the province of the trial court to

resolve conflicting testimony, we must accept the trial court's finding of fact that the alleged threat never took place. *See Hurley v. State,* 60 Md.App. 539, 554, 483 A.2d 1298 (1984).

■ Next, the appellant contends that his father's threat to hit him with a chair rendered his confession involuntary. Preliminarily, we note that the father was not a State agent. The mere fact that no agency relationship existed, however, would not necessarily preclude a finding that the confession was involuntary. In *Watts v. State,* 99 Md. 30, 57 A. 542 (1904) for example, a reporter's exhortation to a defendant to confess rendered the defendant's confession involuntary. In a recent analysis of the case, the Court of Appeals noted that the plea to confess was made "with the sheriff present." *Hillard,* 286 Md. at 152, 406 A.2d 415.

The instant case lacks the essential element that rendered all the confessions analyzed by the *Hillard* court involuntary: a plea to confess. Assuming the truth of the appellant's rendition of what was said, it does not amount to a statement to the accused "that making an inculpatory statement will be to his advantage." *Hillard,* 286 Md. at 153, 406 A.2d 415. Thus, the father's command was not a demand to confess, but rather a mere request to change a facial expression.

■ Without a threat or offer of assistance, there is nothing in the record to show that the appellant's confession was given in violation of the common law voluntariness standard. Thus, we reject this contention.

The appellant also asserts that his confession was inadmissible because it was obtained in violation of the strictures outlined in *Miranda v. Arizona,* 384 U.S. 436, 457–58, 86 S.Ct. 1602, 1618–19, 16 L.Ed.2d 694 (1966). Specifically, he asserts that his right to free legal counsel was not properly explained to him. The police officers who testified at the suppression hearing controverted this allegation. Additionally, the waiver form that was initialed and signed by the appellant stated that "[i]f you want a lawyer and

cannot afford one, you will not be asked any questions, and the court will be requested to appoint one for you."

 Based on this evidentiary record, there is an abundance of evidence to support the trial court's decision to reject the defendant's rendition of the facts. At the very least, we cannot say that its decision was clearly erroneous. Md.Rule 1086. Based on this conclusion, we hold that the defendant's waiver of his *Miranda* rights was properly obtained. *Cf. In Re Shannon A.*, 60 Md.App. 399, 407–08, 483 A.2d 363 (1984). Thus, we reject the appellant's *Miranda* argument.

 As we recently noted in *Finke v. State*, 56 Md.App. at 487, 468 A.2d 353, we cannot end our decision here. Rather, we are compelled by the United States Constitution to undertake an independent review of the record to verify that, under the totality of the circumstances, the defendant's confession was freely and voluntarily given. Given the absence of coercion and the fact that the appellant was informed of his rights, we find no basis for concluding that his statement was involuntarily given. *See In Re Shannon A.*, 60 Md.App. 399, 408–09, 483 A.2d 363 (1984) (thirteen year old who was given his rights and permitted to read them gave a voluntary confession); *In Re Anthony F.*, 49 Md.App. 294, 298–99, 431 A.2d 1361 (1981) (juvenile suspect acknowledged that he understood his rights and did not request that a lawyer or a family member be present).

### First and Second Degree Rape

Lastly, the appellant asserts that there is no evidence in the record to support his conviction for first degree rape. He is right. Under Maryland law, there are two classifications of rape: first degree rape, as defined by Md.Code Ann. Art. 27, § 462 (1982 Repl.Vol.), and second degree rape, as defined by Md.Code Ann. Art. 27, § 463 (1982 Repl.Vol.). Taking the offenses in reverse order, a second degree rape is characterized in the following terms:

(a) ... A person is guilty of rape in the second degree if the person engaged in vaginal intercourse with another person:

(1) By force or threat of force against the will and without the consent of the other person; or ·

\* \* \* \* \* \*

(3) Who is under 14 years of age and the person performing the act is at least four years older than the victim.
Md.Code Ann. Art. 27, § 463.

In essence, a first degree rape is nothing more than an aggravated second degree rape. *State v. Jones*, 51 Md. App. 321, 328, 443 A.2d 967 (1982). The first degree rape statute provides in pertinent part:

(a) ... A person is guilty of rape in the first degree if the person engages in vaginal intercourse with another person by force or threat of force against the will and without the consent of the other person and:

\* \* \* \* \* \*

(2) Inflicts suffocation, strangulation, disfigurement, or serious physical injury upon the other person or upon anyone else in the course of committing the offense; or
(3) Threatens or places the victim in fear that the victim or any person known to the victim will be imminently subjected to death, suffocation, strangulation, disfigurement, serious physical injury, or kidnapping; ....
Art. 27, § 462.

■■ The court below concluded that the appellant's attack was "clearly against the consent and the will of the victim." Neither party contests this finding of fact, and, given the victim's testimony about how the assault took place, the finding is not clearly erroneous. Md.Rule 1086. What the parties do contest on appeal is the existence of an element of aggravation required to convert second degree rape to first degree rape. To establish aggravation, the trial court found that the vaginal injuries inflicted upon the victim were evidence of serious physical injury. As an

alternative basis for aggravation, the court found that the victim's loss of virginity represented a "disfigurement."

The trial court's findings regarding "serious physical injury" run contrary to our implicit holding in *Blotkamp v. State*, 45 Md.App. 64, 411 A.2d 1068, *cert. denied*, 288 Md. 732 (1980). In that case Blotkamp was convicted, *inter alia*, of first degree rape. The victim, a virgin until the attack, suffered a laceration of the hymen and a laceration of the membrane surrounding the vaginal orifice. The latter injury required 4 stitches. We characterized these injuries as "substantial ..., requiring surgical suturing" and noted that they amounted to more than "just the normal trauma associated with loss of virginity, or that necessarily involved in the act of intercourse itself." 45 Md.App. at 70, 411 A.2d 1068. Despite such injuries, we noted that "there was no evidence" that Blotkamp inflicted serious bodily injury upon the victim. *Id.* 45 Md.App. at 67, 411 A.2d 1068. There also was no evidence that he used or displayed a dangerous or deadly weapon, or that he was aided or abetted by one or more persons. *Id.* Blotkamp had told his victim that he had a knife, however. Therefore, we held that there was sufficient evidence that appellant "threaten[ed] or place[d] the victim in fear that [she] will be imminently subjected to death [or] 'serious physical injury....'" *Id.* (quoting Art. 27, § 462(a)(3)).

■ The injuries suffered by the young victim in the case *sub judice*, although substantial, were no more serious than those suffered by the victim in *Blotkamp*. Clearly, had Blotkamp not told his victim that he had a knife, the court would have found insufficient evidence of the aggravating circumstances necessary to elevate second degree rape to first degree rape. We find *Blotkamp* persuasive authority for holding that the type of vaginal lacerations suffered by the victim here do not constitute sufficient evidence of "serious physical injury" within the meaning of Art. 27, § 462(a)(2).

■ The court's finding that a loss of virginity is a disfigurement represents a novel question. Disfigurement is generally regarded as an externally visible blemish or scar that impairs one's appearance. *Bethlehem-Sparrows Point Shipyard v. Damasiewicz*, 187 Md. 474, 481, 50 A.2d 799 (1947). Loss of virginity does nothing to impair appearance. Indeed, as the trial court recognized, it is not outwardly visible. We cannot accept the trial court's interpretation of the term disfigurement. To conclude otherwise would have the effect of automatically upgrading the rape of a virgin to first degree rape. That does not appear to be within the legislative intent. There was insufficient evidence of disfigurement.

■ In short, there is no evidence of aggravation and therefore the conviction for first degree rape cannot stand. But appellant does not escape scot-free on that account. The record amply shows two grounds for a conviction for second degree rape. First, as we noted previously, intercourse was accomplished by force. Second, due to the victim's youthful age, the record also supports a conviction for second degree rape under Art. 27, § 463(a)(3) ("vaginal intercourse with another person ... [w]ho is under 14 years of age and the person performing the act is at least four years older than the victim").

■ Given the presence of a second degree rape, it is unnecessary to award the appellant a new trial. As we recognized in *Mayes v. State*, 50 Md.App. 628, 637, 440 A.2d 1093 (1982), "[i]n finding the appellant guilty of rape in the first degree, the trial court implicitly found and appellant conceded his guilt of rape in the second degree." Accordingly, we remand this case to the trial court with instructions to enter a judgment of conviction for second degree rape and to resentence appellant.

JUDGMENT REVERSED. CASE REMANDED TO TRIAL COURT TO ENTER A JUDGMENT OF CONVICTION FOR RAPE IN THE SECOND DEGREE AND TO RESENTENCE THE APPELLANT. COSTS TO BE PAID ONE–

HALF BY APPELLANT AND ONE–HALF BY MAYOR
AND CITY COUNCIL OF BALTIMORE.