STATE OF MARYLAND *v.* LAMONT WILLIAM
RICKETTS, JAMES ANTHONY QUEEN, JR.,
GARY CLIFTON STUBBS, WILLIAM
QUEEN, LOUIS DALLAS EVANS,
ROBERT FRIEND, ROOSEVELT
BUIE, WILLIAM HENRY LEASH,
A/K/A LINFRED WILLIAM
LEASH AND BARRETT
BAILEY, A/K/A
WALTER BAILEY

[No. 100, September Term, 1980.]

*Decided May 22, 1981.*

The cause was argued before MURPHY, C. J. and SMITH, DIGGES, ELDRIDGE, COLE, DAVIDSON and RODOWSKY, JJ.

*Stephen Rosenbaum, Assistant Attorney General,* with whom were *Stephen H. Sachs, Attorney General,* and *Ray E. Stokes, Assistant Attorney General,* on the brief, for appellant.

*Michael R. Braudes, Assistant Public Defender,* with whom was *Alan H. Murrell, Public Defender,* on the brief, for appellees.

ELDRIDGE, J., delivered the opinion of the Court. MURPHY, C. J., and RODOWSKY, J., concur in part and dissent in part. MURPHY, C. J., filed an opinion concurring in part and dissenting in part, at page 293 *infra,* in which RODOWSKY, J., joins.

This case is a consolidation of seven separate criminal cases in the Court of Special Appeals and in the trial courts, involving nine defendants. The defendant Ricketts was convicted of larceny and a related offense in the Circuit Court for Anne Arundel County. The remaining defendants were convicted of various offenses in the Criminal Court of Baltimore. All seven trials were nonjury, with each defendant stating, in open court after an interrogation concerning the nature of and right to a jury trial, that he was waiving the right to be tried by a jury.

The Court of Special Appeals reversed all of the convictions and remanded for new trials, holding that the purported waivers of jury trials did not comply with Maryland Rule 735, as construed by this Court in *Countess*

*v. State,* 286 Md. 444, 408 A.2d 302 (1979). All of the cases involved the identical defect, namely the failure to advise each defendant that, in order to convict, all twelve jurors must find guilt beyond a reasonable doubt. In one of the cases, the Court of Special Appeals set forth its views in a published opinion by Judge Couch, with Judge Thompson dissenting, *Ricketts v. State,* 46 Md. App. 410, 418, 417 A.2d 465 (1980). The remaining six cases were decided in unreported opinions.

The State then filed a single petition for a writ of certiorari encompassing all seven cases. Because of the number of cases pending in the Court of Special Appeals involving the same question, we granted the petition. We shall now affirm.

Rule 735 b provides for a written form, to be signed by a criminal defendant, upon which he elects whether to be tried by the court or by a jury. The form set forth in the Rule, *inter alia,* advises the defendant that he has a right to be tried by a jury of twelve persons or by the court, and that "before a finding of guilty in a jury trial all 12 jurors must find that I am guilty beyond a reasonable doubt." [1] Subsection c of the Rule authorizes an election in open court if there is no timely filed written election. Subsection d then provides that if

---

1. Rule 735 b is as follows:

"b. *Form of Election.*

An election of a court or jury trial shall be in writing, signed by the defendant, witnessed by his counsel, if any, and filed with the clerk of the court in which the case is pending. It shall be substantially in the following form:

(caption of the case)

*Election of Court Trial or Jury Trial*

I know that I have a right to be tried by a jury of 12 persons or by the court without a jury. I am aware that before a finding of guilty in a jury trial all 12 jurors must find that I am guilty beyond a reasonable doubt. I am aware that before a finding of guilty in a court trial the judge must find that I am guilty beyond a reasonable doubt.

I hereby elect to be tried by:  . . . .  . . . . . . . . . . . . . . . . . . .
(insert 'the court' or 'a jury')

I make this election knowingly and voluntarily and with full knowledge that I may not be permitted to change this election.

Witness:

. . . . . . . . . . . . . . .      . . . . . . . . . . . . . . . . . . . . . .
Signature of Counsel          Signature of Defendant
                              Date:  . . . . . . . . . . . "

there has been an election to be tried without a jury, the trial cannot proceed until the court determines that the defendant's election has been "with full knowledge of his right to a jury trial and that he has knowingly and voluntarily waived the right." [2]

The Court's recent opinion in *Countess v. State, supra,* involved several defendants and presented several different questions under Rule 735. One of the issues concerned the requirement in subsection d that the trial court determine that the defendant has made his election "with full knowledge of his right to a jury trial." In deciding what generally satisfies the "full knowledge" requirement, we looked to the written election form set forth in subsection b. The Court, in the majority opinion written by Judge Orth, stated (286 Md. at 455, emphasis supplied):

> "What the Rule contemplates is that the defendant have a basic understanding of the nature of a jury trial. We think that this understanding is generally satisfied when the defendant entitled to a jury trial knows that he has the right to be tried by a jury of 12 persons or by the court without a jury; *that whether trial is by a jury or by the court, his guilt must be found to be beyond a reasonable doubt;* that in a jury trial all 12 jurors must agree that he is so guilty but in a court trial the judge may so find. These are the matters which the defendant acknowledges he is aware of in the written form of election set out in § b of the Rule in designating his election of court trial or jury trial, and normally they should suffice. We saw no need to go further

---

2. Subsection d of Rule 735 states:

"d. *When Court Trial Elected.*

If the defendant elects to be tried by the court, the trial of the case on its merits before the court may not proceed until the court determines, after inquiry of the defendant on the record, that the defendant has made his election for a court trial with full knowledge of his right to a jury trial and that he has knowingly and voluntarily waived the right. If the court determines otherwise, it shall give the defendant another election pursuant to this Rule."

when we adopted the Rule, and we see no need to add other matters now. Ordinarily if the court duly determines that the defendant understands those aspects of a jury trial, he has, under the Rule, 'full knowledge of his right to a jury trial.' "

We reversed the conviction of one of the defendants, Fairbanks, specifically because "[t]he record is not sufficient to establish that he was aware that 'before a finding of guilty in a jury trial all 12 jurors must find that [he was] guilty beyond a reasonable doubt,' . . . ." 286 Md. at 461.[3]

A few days after our decision in *Countess,* we reversed the conviction in *Hunt v. State,* 286 Md. 541, 408 A.2d 392 (1979), on the authority of *Countess.* A review of the record in that case, as the State concedes, shows that the only deficiency regarding compliance with Rule 735 was the failure of the record to show that the defendant had been advised that the jurors, in order to convict, must find him guilty beyond a reasonable doubt.

In asking us to disapprove of *Countess* in part, and overrule *Hunt,* the State argues that because the "reasonable doubt" standard applies equally to a jury or a nonjury trial, there is no need to advise the defendant that the jurors must find him guilty beyond a reasonable doubt. The defendants, on the other hand, make a contrary policy argument.[4] We decline, however, to indicate any opinion at

---

3. Two judges in *Countess* concurred separately, but both agreed with the majority that under subsection d, the defendant must be advised that, to be convicted, all twelve jurors must find him guilty *beyond a reasonable doubt.* 286 Md. at 464 (concurring opinion of Cole, J.); *id.* at 465 (concurring opinion of Davidson, J.). Chief Judge Murphy dissented as to one defendant, Countess, who had signed the written waiver form, believing that it was not necessary to advise a defendant in open court of the same specific information contained in the previously signed written form, *id.* at 470-474. However, as to the remaining defendants, Chief Judge Murphy agreed with the Court's disposition, *id.* at 470. Thus, the Court in *Countess* was unanimous in construing Rule 735 as requiring, at some stage, the defendant to be advised of the reasonable doubt standard.

4. The defendants thus assert (brief, pp. 3-4):

"The concept of proof beyond a reasonable doubt is altogether different in jury trials than in court trials precisely because of the other attributes of a jury trial which *Countess* requires that a defendant understand. A defendant in a jury trial avoids conviction if the evidence creates a reasonable doubt in the mind of *one out of 12*

this time on the conflicting policy arguments made by each side.

Subsection b of Rule 735 *expressly* requires that the defendant, in the written election form, acknowledge his awareness that the jurors are bound by the "reasonable doubt" standard. As construed in *Countess,* this same requirement is included in the "full knowledge" language of subsection d. The State in oral argument conceded that its position, that the requirement serves no purpose and should not be a condition for a valid jury trial waiver, is as equally applicable to subsection b as to subsection d. Regardless of our views on the policy argument made by the State, we may not disregard the clear intent expressed in Rule 735. As Judge Orth concluded for the Court in *Countess* (286 Md. at 463):

> "Its [Rule 735's] provisions are mandatory. On a number of occasions we have attempted to convey to bench and bar that our Rules 'are not guides to the practice of law but precise rubrics "established to promote the orderly and efficient administration of justice and [that they] are to be read and followed." *Brown v. Fraley,* 222 Md. 480, 483 [, 161 A.2d 128] (1960).' *State v. Bryan,* 284 Md. 152, 155, 395 A.2d 475 (1978), quoting *Isen v. Phoenix Assurance Co.,* 259 Md. 564, 570, 270 A.2d 476 (1970). In short, Rule 735 means what it says, and proceeding with the trials of the cases despite the failures to comply with its provisions requires reversal of the judgments of the trial courts and entitles the defendants to be newly tried."

---

*people,* whom he has a right to help select. In a court trial, on the other hand, only *one* mind must be convinced of guilt beyond a reasonable doubt in order to convict. The reasonable doubt aspect of the jury protection therefore cannot be viewed in isolation. It is critically important that the defendant understand the *combination* of characteristics which may render a jury trial more attractive than a court trial. In a case where the evidence is substantial but inconclusive, for example, a defendant may well prefer 12 chances to create a reasonable doubt over a single chance. Hence, removal of any of the elements listed in *Countess* substantially reduces the overall understanding vital to a knowing and intelligent waiver."

If a requirement, set forth in mandatory language in a valid statute or rule, is believed to be unnecessary or inadvisable, the proper remedy is not for judges to ignore the requirement. Instead, the proper remedy under a government of laws is to seek a change in the statute or rule. Rule 735 requires that a criminal defendant, in order to validly waive a jury trial in the circuit court, be advised that all twelve jurors are bound by the reasonable doubt standard. If this requirement is unnecessary (and we intimate no opinion on the issue now), this Court in its constitutionally authorized rule making capacity [5] or the General Assembly can change the Rule. However, as long as the Rule remains unchanged, it must be followed.[6]

> *Judgments of the Court of Special Appeals affirmed.*
> *Six-sevenths of costs to be paid by Baltimore City and one-seventh of costs to be paid by Anne Arundel County.*

*Murphy, C. J., concurring in part and dissenting in part:*

I agree with the Court that in those cases where no written election was made under Rule 735 b, *Countess v. State,* 286 Md. 444, 408 A.2d 1302 (1979), requires reversal of the convictions for failure to advise the defendant, as required by Rule 735 d, that in order to convict he must be found guilty beyond a reasonable doubt. I do not agree, however,

---

**5.** Maryland Constitution, Art. IV, § 18.

**6.** This Court, acting on the recommendation of the Standing Committee on Rules of Practice and Procedure, adopted, effective July 1, 1977, a comprehensive revision of the rules applicable to criminal causes. Recently we requested that Committee, and its subcommittee on criminal rules, to review the new criminal rules in light of the experience of the bench and bar over the past three-four years and to make recommendations for changes. That review is currently taking place, and we are awaiting the Committee's recommendations. With respect to the necessity or desirability of the Rule 735 requirement involved in the instant case, the Attorney General's Office (representing the State in these cases) and the Public Defender's Office (which represented all defendants in these cases before this Court), as well as any other interested agencies or persons, should communicate their views to the Standing Committee on Rules of Practice and Procedure.

that reversal is required in cases like *Ricketts v. State,* 46 Md. App. 410, 417 A.2d 465 (1980), where the accused personally executed the written election under Rule 735 b and thereby expressly acknowledged, among other things, that:

> "I am aware that before a finding of guilty in a jury trial all 12 jurors must find that I am guilty beyond a reasonable doubt. I am aware that before a finding of guilty in a court trial the judge must find that I am guilty beyond a reasonable doubt."

As to such cases, I adhere to my dissenting view in *Countess* that because the written election constitutes part of the record before the trial judge, he may, in making the requisite Rule 735 d inquiry, "take into account the fact that the defendant has acknowledged in writing that he knew of his right to be tried by a jury of 12 persons, and was also aware that he could not be convicted unless all 12 jurors found him guilty beyond a reasonable doubt." 286 Md. at 472. Thus, in determining whether there was compliance with Rule 735 d, I would consider the substance of the information contained in the written election, together with the responses of the accused to the trial judge's in-court inquiry, and would not summarily reverse convictions without regard to the evidence of record contained in the written election form.

Judge Rodowsky has authorized me to state that he joins in the views expressed herein.