KENNETH SUGGS *v.* STATE OF MARYLAND

[No. 1444, September Term, 1981.]

*Decided August 27, 1982.*

The cause was submitted on briefs to GILBERT, C. J., and THOMPSON, J., and W. ALBERT MENCHINE, Associate Judge of the Court of Special Appeals (retired), specially assigned.

Submitted by *Alan H. Murrell, Public Defender,* and *Michael R. Malloy, Assistant Public Defender,* for appellant.

Submitted by *Stephen H. Sachs, Attorney General,*

*Stephen Rosenbaum, Assistant Attorney General, William A. Swisher, State's Attorney for Baltimore City,* and *John Hassett, Assistant State's Attorney for Baltimore City* for appellee.

THOMPSON, J., delivered the opinion of the Court.

Kenneth Suggs, appellant, was charged with four violations of the Maryland Home Improvement Law. In the first case (Nos. 48100908 & 09) appellant was tried by a jury in the Criminal Court of Baltimore, Judge J. Harold Grady presiding, and was found guilty. The remaining three cases (Nos. 48100901; 48100910 & 11; 48107726 & 27) were tried without a jury on June 23, 1981 and appellant was convicted on each charge. On August 20, 1981 appellant was sentenced to a total of two years.

He raises here the following issues:

1. With regard to cases Nos. 48100901; 48100910-11; and 48107726-27, did the trial court err by allowing appellant to waive his right to a jury trial without determining, on the record, that appellant had a full understanding of the nature of that right, as required by Rule 735d?

2. With regard to case No. 48100908-09, did the Assistant State's Attorney make prejudicial improper comments during opening argument to the jury?

3. Was the evidence insufficient to sustain Appellant's convictions?

The facts will be introduced as they relate to the specific issues.

## I. Waiver of Jury Trial

Appellant was advised on the record by defense counsel of his right to a jury trial as follows:

"MR. SMITH: And you must realize that you

waive your right to a jury trial, and you waive your
rights to confront the witnesses and you waive your
rights to cross examination of the witnesses as a
result of getting into this type of an arrangement;
understand? And you understand what your rights
are to a jury trial?

THE DEFENDANT: Yes.

MR. SMITH: And that twelve people selected
from the Voter Registration List of Baltimore City
would sit in judgment of you and must find you
guilty beyond a reasonable doubt and to a moral
certainty in order to convict you of the charges. You
realize that? And do you give up that right?

THE DEFENDANT: I do."

Appellant asserts that the trial judge erred in allowing
him to waive his right to a jury trial without his having been
informed that a jury's verdict must be unanimous. He main-
tains that the instructions given by defense counsel were not
in compliance with the mandates set forth in former Md. Rule
735 d (1977, 1981 Cum. Supp.).[1] The Court of Appeals
discussed the requirements of Section 735 d in *Countess v.
State,* 286 Md. 444, 455, 408 A.2d 1302 (1979) stating:

"What the Rule contemplates is that the defendant
have a basic understanding of the nature of a jury
trial. We think that this understanding is generally
satisfied when the defendant entitled to a jury trial
knows that he has the right to be tried by a jury of
12 persons or by the court without a jury; that
whether trial is by a jury or by the court, his guilt
must be found to be beyond a reasonable doubt; that

---

1. Former Md. Rule 735 d provided:

"If the defendant elects to be tried by the court, the trial of the case on
its merits before the court may not proceed until the court determines, after
inquiry of the defendant on the record, that the defendant has made his
election for a court trial with full knowledge of his right to a jury trial and
that he has knowingly and voluntarily waived the right. If the court deter-
mines otherwise, it shall give the defendant another election pursuant to
this Rule."

in a jury trial all 12 jurors must agree that he is so guilty but in a court trial the judge may so find."

As of January 1, 1982, Md. Rule 735 was modified so that the *Countess* litany was no longer required. The new rule, now found in § 735 b provides:

"A defendant may waive the right to a trial by jury at any time before the commencement of trial. The court may not accept the waiver until it determines, after an examination of the defendant on the record in open court by the court, by the State's Attorney, by the attorney for the defendant, or by any combination thereof, that the defendant knowingly and voluntarily waived a jury trial."

Appellant urges that the former rule is controlling because his trial was held before the effective date of the new rule. The effective date of a new rule or statute is not controlling on whether it should be applied to pending cases. "It is an entirely neutral circumstance." *T & R Joint Ven. v. Office, Plan. & Zon.,* 47 Md. App. 395, 408, n.7, 424 A.2d 384 (1980). Generally, an appellate court is bound to decide a case according to existing laws, even though a judgment rightful when rendered by the court below should be reversed as a consequence. *McClain v. State,* 288 Md. 456, 419 A.2d 369 (1980); *State v. Johnson,* 285 Md. 339, 402 A.2d 876 (1979); *Yorkdale v. Powell,* 237 Md. 121, 205 A.2d 269 (1964); *Teays v. Supreme Concrete Block,* 51 Md. App. 166, 441 A.2d 1109 (1982); *Firstman v. Atlantic Constr. & Supply,* 28 Md. App. 285, 345 A.2d 118 (1975). The rationale espoused for this rule of retrospective application has been stated to be that, provided no "vested right" or contrary legislative intent is disturbed, it would be anomalous for a court to apply obsolete standards and issue a mandate that is inconsistent with current law. *Lucado v. State,* 40 Md. App. 25, 31, 389 A.2d 398 (1978); *see, T & R Joint Ven. v. Office, Plan. & Zon., supra.* There being no indication in the rule itself that it was intended to only be applied prospectively, we will consider the waiver issue in light of the January 1, 1982 modifica-

tion.[2] The changes evident in Md. Rule 735 b reveal an intent to relax the requirement of the strict litany found in *Countess,* while, at the same time, assuring the defendant's right to a knowing and voluntary waiver. In the present case, the defense counsel advised the appellant that "twelve people ... would sit in judgment of you and must find you guilty beyond a reasonable doubt and to a moral certainty in order to convict you of the charges." While it may be a close question whether the above colloquy satisfies the tenets of Md. Rule 735 b, it appears to us that the above instruction sufficiently conveyed the requirement of jury unanimity to the appellant. *See, Mayes v. State,* 50 Md. App. 628, 440 A.2d 1093 (1982) (where this Court found "those twelve jurors would have to decide beyond a reasonable doubt" sufficient to convey to the defendant that the verdict must be unanimous). We see no error.

## II. Prejudicial Remarks in Opening Statement

Appellant asserts that conviction Nos. 48100908 & 09 should be reversed in view of the prejudicial remarks of the state during opening argument. The Assistant State's Attorney had proffered to the jury the following statements:

"So, the State in this case has charged Mr. Suggs with two things. Number one, Mr. Suggs, specifically with Miss France's house, started doing home improvement work. He doesn't have a license.

---

2. The State and the appellant each cited diverse cases for their respective positions as to the retroactivity or prospectivity of the rule. The law is in a state of flux with respect to the retroactive application of new law to pending cases. This lack of consistency makes it difficult to predict the extent to which a new or modified law will affect various individuals until a ruling is actually rendered by the court. This problem was noted in T & R Joint Ven. v. Office, Plan. & Zon., *supra,* 47 Md. App. at 405, n. 5 where Judge Wilner commented: "There have been literally dozens of cases in which the Court has been faced with the question of whether to apply an intervening change in the law to a pending case. Some of the decisions are not easy to reconcile, and thus the diligent lawyer or judge can easily find some authority for both sides of the proposition." *See also,* United States v. Johnson, 50 U.S.L.W. 4742 (U.S. June 21, 1982).

Number two, after he started to do the work for a couple of days, he abandoned the job.

Now, the specifics of the case, and the testimony you are going to hear, and the contracts that will be entered into evidence, will show that Mr. Suggs is a rather, *shall I say, smooth talking rip-off artist.*

Mr. Smith: Objection.

The Court: Overruled. Remember, jury, the counsel have some latitude in explaining the case to you. You wait for the evidence before any of this is established. Proceed.

Mr. Hassett: Thank you, Your Honor. I will state for the record that what I tell you is not evidence. The only evidence you have to consider is what the people on the stand tell you and the actual pieces of paper that are entered into evidence." (Emphasis added).

In *Wilhelm v. State,* 272 Md. 404, 326 A.2d 707 (1974), the Court of Appeals discussed the functions and limitations of opening statements, asserting at 411-12:

"The primary purpose or office of an opening statement in a criminal prosecution is to apprise with reasonable succinctness the trier of facts of the questions involved and what the State or the defense expects to prove so as to prepare the trier of facts for the evidence to be adduced. While the prosecutor should be allowed a reasonable latitude in his opening statement he should be confined to statements based on facts that can be proved and his opening statement should not include reference to facts which are plainly inadmissible and which he cannot or will not be permitted to prove, or which he in good faith does not expect to prove. An opening statement by counsel is not evidence and generally has no binding force or effect. To secure a reversal based on an opening statement the accused

is usually required to establish bad faith on the part of the prosecutor in the statement of what the prosecutor expects to prove or establish substantial prejudice resulting therefrom."

The appellant has not asserted bad faith on the part of the prosecutor nor has he demonstrated substantial prejudice. Further, the trial court cautioned the jury that counsel's opening statements were not evidence. We see no reversible error although such a remark would be more appropriate in closing argument than in opening statements.

## III. Sufficiency of the Evidence

Appellant asserts that the evidence was insufficient to sustain his convictions.

The appellant entered into three home improvement contracts in August 1980 and one in September 1980. At the time of these contracts he did not have a license as required under Md. Ann. Code Art. 56, § 255 a (1957, 1979 Repl. Vol.). The contention that the requirements of the statute were met by procuring a construction license under Art. 56, § 180 (1979, 1981 Cum. Supp.) is not valid for two reasons: first, he did not procure the construction license until December 4, 1980, after having entered into the contracts; and second, a contractor's license is not the same as a Home Improvement License, the former being a revenue producing measure, while the latter is a regulatory measure. The evidence was sufficient to support appellant's convictions for home improvement license violations.

Finally, appellant asserts that the evidence was insufficient to sustain one of his convictions for abandoning a home improvement contract. Once again, the contention is unsupported by the record. The victim, Mrs. Myrtle France, testified that, despite being asked to do so, appellant failed to return to her property to finish the work contracted for after having received full payment. This testimony is suffi-

cient to support the appellant's conviction on this charge. *Bryant v. State,* 49 Md. App. 272, 431 A.2d 714 (1981).

*Judgments affirmed.*
*Appellant to pay the costs.*