503 A.2d 1351

**Ronald L. BELL, Jr. aka Kevin Q. Bell**

v.

**STATE of Maryland.**

**No. 552, Sept. Term, 1985.**

Court of Special Appeals of Maryland.

Feb. 6, 1986.

Bradford C. Peabody, Asst. Public Defender (Alan H. Murrell, Public Defender on brief), Baltimore, for appellant.

Mary Ellen Barbera, Asst. Atty. Gen. (Stephen H. Sachs, Atty. Gen., Kurt L. Schmoke, State's Atty., for Baltimore City and Roman I. Choma, Asst. State's Atty. for Baltimore City on brief), Baltimore, for appellee.

Submitted before GILBERT, C.J., and ADKINS, and ROBERT M. BELL, JJ.

ROBERT M. BELL, Judge.

On April 4, 1985, Ronald L. Bell, Jr., a/k/a Kevin Q. Bell, appellant, was convicted in a court trial in the Circuit Court for Baltimore City, of possession of cocaine with intent to distribute and possession of cocaine. On May 9, 1985, he was committed to the custody of the Division of Correction for ten years and fined $10,000.00. On appeal, appellant contends that the court erred:

1. in accepting the election of a court trial, without any inquiry of him on the record in open court;

2. in ruling that the State made an adequate showing of the chain of custody of the suspected cocaine; and

3. in imposing a $10,000.00 fine upon him without determining that he had the ability to pay.

We agree that the court erred in proceeding to try appellant without having first determined that he knowingly and intelligently waived his right to a jury trial. We will therefore reverse and remand for a new trial. Nevertheless, for the guidance of the trial court on remand, we will address the remaining issues.

1.

Md.Rule 4–246, in pertinent part, provides:

"Rule 4–246. *Waiver of Jury Trial—Circuit Court.*

(a) Generally.—In the circuit court a defendant having a right to trial by jury shall be tried by a jury unless the right is waived pursuant to section (b) of this Rule. If the waiver is accepted by the court, the State may not elect a trial by jury.

(b) Procedure for Acceptance of Waiver.—A defendant may waive the right to a trial by jury at any time before the commencement of trial. *The court may not accept the waiver until it determines, after an examination of the defendant on the record in open court* conducted by the court, the State's Attorney, the attorney for the defendant, or any combination thereof, that the waiver is made knowingly and voluntarily." (Emphasis supplied)

In *Biddle v. State*, 40 Md.App. 399, 392 A.2d 100 (1978), this Court, referring to then Maryland Rule 735 d.,[1] the

---

1. Then Maryland Rule 735 d. provided:

  d. *When Court Trial Elected.*

  If the defendant files an election to be tried by the court, the trial of the case on its merits before the court may not proceed until the court determines, after inquiry of the defendant on the record, that the defendant has made his election for a court trial with full knowledge of his right to a jury trial and that he has knowingly

predecessor of Maryland Rule 4–246(b), and finding it to be "expressly mandatory," observed that "[t]he Rule now spells out the ritual the trial judge must follow in accepting the election of a non-jury trial." *Id.* at 403, 405, 392 A.2d 100. We reversed the judgment of the trial court rendered after a trial on the merits because the record "unequivocally show[ed] a non-compliance with Md.Rule 735 d." *Id.* at 407, 392 A.2d 100. The non-compliance was the trial judge's failure to make inquiry of the defendant on the record to determine if his election of a court trial was done with full knowledge of his right to a jury trial and if his waiver of such trial was knowingly and voluntarily made.

---

and voluntarily waived the right. If the court determines otherwise, it shall give the defendant another election pursuant to this Rule.

Effective January 1, 1982, Maryland Rule 735 was amended to provide, in relevant part, as follows:

a. *Generally.*

A defendant having a right to trial by jury shall be tried by a jury unless the defendant waives the right pursuant to section b of this Rule. If the waiver by the defendant is accepted by the court, the State may not elect that the defendant be tried by a jury.

b. *Procedure for Acceptance of Waiver.*

A defendant may waive the right to a trial by jury at any time before the commencement of trial. The court may not accept the waiver until it determines, after an examination of the defendant on the record in open court by the court, by the State's Attorney, by the attorney for the defendant, or by any combination thereof, that the defendant knowingly and voluntarily waived a jury trial.

We interpreted subsection b in *Suggs v. State,* 52 Md.App. 287, 449 A.2d 424 (1982) and concluded that "[a]s of January 1, 1982, Md.Rule 735 was modified so that the *Countess* litany was no longer required." *Id.* at 290, 449 A.2d 424. We cited no authority for that conclusion and, interestingly, an inquiry of the defendant relative to his right to elect a jury trial was made by the defense counsel in that case. We note that 735 b differs from 735 d only slightly: while 735 d speaks of an "inquiry of the defendant," 735 b refers to an "examination of the defendant" and whereas 735 d refers only to the court's role in determining the validity of the defendant's waiver, 735 b makes clear that the defendant might be questioned by the State's Attorney, the defense attorney or the court or any combination of them. Accordingly, we do not interpret Suggs as standing for the proposition that no inquiry need be made of a defendant, rather we interpret it to say that the inquiry mandated by the rule does not contemplate any particular form or content.

We rejected the State's argument that the issue had not been preserved:

> Although the State asserts now that the issue of non-compliance with Rule 735 was not preserved for appeal, we believe the rule requires that the record affirmatively show compliance with its tenets, and that the failure to object does not preclude appellate review. This is so because Rule 735 d has a constitutional aspect similar to that of a guilty plea. The rule specifically forbids the trial court to proceed with the trial on the merits until there has been compliance with Rule 735 d, i.e., *a determination on the record of a knowing and intelligent waiver of the right to trial by jury.* Cf. *Davis v. State,* 278 Md. 103, 361 A.2d 113 (1976). A waiver of a constitutional right must appear affirmatively in the record, *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and a failure of it to so appear is not grounds for dismissal of the appeal. Indeed, it is the very basis of the appeal.

*Id.* at 407.

The interpretation of Maryland Rule 735 was before The Court of Appeals in *Dortch v. State,* 290 Md. 229, 428 A.2d 1220 (1981) and *Countess v. State,* 286 Md. 444, 408 A.2d 1302 (1979). In *Countess,* the primary focus of the Court was Rule 735 d, as to which it found that the procedure it prescribed had three aspects: (1) election; (2) inquiry; and (3) knowledge necessary for an effective waiver of a jury trial. *Id.* at 452, 408 A.2d 1302. The Court then considered each aspect separately. It found that the election was that of the defendant, although *his* election may be communicated by his counsel in open court and recorded, and that, although the judge need not conduct the inquiry

> [t]he Rule does not envision that counsel simply report to the court that he has inquired of the defendant and given him the information necessary for an effective election. In order to assess properly the validity of an election under Rule 735 the court must not only know what was told the defendant but be in a position to evaluate the

responses of the defendant to the information imparted. The information given, the questions asked of the defendant and by the defendant and the answers and comments made must be on the record so as to be available for appellate review if the election is questioned.

*Id.* at 454, 408 A.2d 1302. Finally, it addressed the knowledge necessary for an effective jury trial waiver thusly:

What the Rule contemplates is that the defendant have a basic understanding of the nature of a jury trial. We think that this understanding is generally satisfied when the defendant entitled to a jury trial knows that he has the right to be tried by a jury of 12 persons or by the court without a jury; that whether trial is by a jury or by the court, his guilt must be found to be beyond a reasonable doubt; that in a jury trial all 12 jurors must agree that he is so guilty but in a court trial the judge may so find. These are the matters which the defendant acknowledges he is aware of in the written form of election set out in § b of the Rule in designating his election of court trial or jury trial, and normally they should suffice. We saw no need to go further when we adopted the Rule, and we see no need to add other matters now. Ordinarily if the court duly determines that the defendant understands those aspects of a jury trial, he has, under the Rule, "full knowledge of his right to a jury trial."

*Id.* at 455, 408 A.2d 1302.

The issue in *Dortch* was "whether, for an election of a court trial to be 'voluntary' within the contemplation of Maryland Rule 735, the trial judge must make a specific inquiry of the accused on the record to determine if his decision to waive trial by jury was improperly induced by promises or by physical or mental coercion." *Id.* 290 Md. at 230, 428 A.2d 1220. Answering the issue in the negative, the Court concluded "that no specific ritual or fixed litany need be followed by the trial judge in determining the voluntariness of the accused's election to waive his right to a jury trial." *Id.* at 235, 428 A.2d 1220.

In neither *Countess* nor *Dortch* did the Court address the preservation issue or even comment on whether the defendants raised the effectiveness of the jury trial waiver issue. From the context, however, it appears that no objection was voiced by the defendants in any of the cases.

■ Maryland Rule 4–246 has not yet been interpreted. It is, however, quite similar to Maryland Rule 735 from which it is derived. Like Rule 735, 4–246 contemplates an election by the defendant, an inquiry of the defendant, and knowledge necessary for an effective waiver. Therefore, the precedents developed under Rule 735 are equally applicable to cases arising under Rule 4–246.

Prior to the start of trial, the following colloquy occurred:

THE COURT: Is this a jury trial; isn't it?

MR. CHOMA (Assistant State's Attorney): It is, Your Honor.

MR. LAVENSTEIN: (Defense Counsel): Court trial, Your Honor.

THE COURT: One says Court.

THE CLERK: For the record, you are familiar with the charge and wish to waive the formal reading thereof?

MR. LAVENSTEIN: Yes.

THE CLERK: You do wish a Court trial, sir?

MR. LAVENSTEIN: Yes. Thank you.

Appellant was present, albeit silent, during this colloquy. The trial not having proceeded, following a recess, a similar colloquy occurred:

MR. CHOMA: These are the matters previously called. This matter was called this morning, State of Maryland vs. Ronald Leroy Bell also known as Kevin Quentin Bell 28428318.

THE CLERK: For the record, what is the gentleman's correct name?

MR. CHOMA: Ronald Bell.

MR. LAVENSTEIN: Ronald Bell.

THE COURT: What is he charged with?

MR. CHOMA: Charged with possession of controlled dangerous substance, cocaine with intent to distribute.

MR. LAVENSTEIN: Once again, Your Honor, Terry Lavenstein on behalf of Mr. Bell.

Your Honor, we have waived our right to a jury trial. We are ready to proceed in a court trial, and the plea will be not guilty.

THE COURT: Okay. I am ready. Let's go.

MR. CHOMA: At this time we call Officer Kirk Hastings to the stand.

Again, appellant was present. Again, appellant was silent. At no time did the court make inquiry of appellant to determine the effectiveness of his waiver. This omission was error, *Countess, supra; Dortch, supra; Biddle, supra,* requiring reversal. *Noble v. State,* 293 Md. 549, 558, 446 A.2d 844 (1982); *Countess, supra.*

The State contends that "[d]efense counsel's statement of Appellant's election, made in open court in the presence of Appellant, and reiterated several hours later at the outset of trial, coupled with Appellant's lack of objection, under the circumstances constitutes substantial compliance with Maryland Rule 4–246 and, in any event, should be deemed a waiver of his objection to any technical violation of the rule." We disagree. We rejected the waiver argument in *Biddle.* Although it is true that no specific litany is required, we do think that substantial compliance with Rule 4–246 requires more than the announcement of the election of a court trial by defense counsel in the presence of appellant. *See Countess, supra.*

2.

At trial, appellant successfully objected to the use as evidence of the form detailing the chain of custody of the suspected cocaine recovered from appellant. *See* Md.Code Ann.Courts Art. § 10–1003. His objection to the admission into evidence of the chemist's analysis report was overruled because the State established the chain of custo-

dy of the alleged cocaine by calling as witnesses those persons who actually handled the suspected cocaine and because appellant had not demanded, in a timely fashion, the presence of the persons who signed the chain of custody form. The drugs were not introduced into evidence. Appellant contends that this ruling, resulting in the introduction of the analysis, was error. He relies on *Gillis v. State,* 53 Md.App. 691, 456 A.2d 89 *cert. den.* 296 Md. 172 (1983).

■ We perceive no error. In *Gillis,* the defendant timely filed a written demand pursuant to § 10–1003 for the presence of all persons in the chain of custody. When the State failed to produce them and the defendant objected to the introduction of the evidence, we found admission of the drugs into evidence to be error. *Id.* at 698, 456 A.2d 89. Here, appellant did not make timely demand and the drugs were not admitted into evidence. For these reasons alone *Gillis* is inapposite. Moreover, the provisions of §§ 10–1001–1003 were inapplicable; the chemist's report was not timely mailed nor delivered to appellant as required. See § 10–1003.[2] Therefore, the State was required to prove the chain of custody and the validity of the analysis by calling the chemist and such other persons as handled the suspected cocaine from the time it was recovered from appellant to the time of its testing. *See Knight v. State,* 41 Md.App. 691, 696, 398 A.2d 811 (1979). That the State did so in no

---

**2.** § 10–1003 provides:

*§ 10–1003. Presence of chemist or analyst at criminal proceeding; availability of chemical report to defense counsel.*

In a criminal proceeding, the prosecution shall, upon written demand of a defendant filed in the proceedings at least five days prior to a trial in the proceeding, require the presence of the chemist, analyst, or any person in the chain of custody as a prosecution witness. The provisions of §§ 10–1001 and 10–1002 concerning prima facie evidence do not apply to the testimony of that witness. The provisions of §§ 10–1001 and 10–1002 are applicable in a criminal proceeding only when a copy of the report or statement to be introduced is mailed, delivered, or made available to counsel for the defendant or to the defendant personally when he is not represented by counsel, at least ten days prior to the introduction of the report or statement at trial.

way contravened the *Gillis* holding. Neither did the introduction of the chemist's report.

### 3.

Appellant did not object below to the sentence imposed; however, for the first time on appeal he alleges that the trial judge's failure to make "a reasonable inquiry into the defendant's ability to pay" before imposing the fine rendered his sentence illegal and, as a consequence, that failure is reversible error. He relies on *Walczak v. State*, 302 Md. 422, 427, 488 A.2d 949 (1985) for the proposition that an illegal sentence may be reviewed on appeal even in the absence of an objection below, and on *Coles v. State*, 290 Md. 296, 429 A.2d 1029 (1981) for the proposition that an inquiry into ability to pay must be made before a fine is imposed.

Neither *Walczak* nor *Coles* provides the support appellant seeks. This issue is answered by *Brecker v. State*, 304 Md. 36, 497 A.2d 479 (1985). There, the Court of Appeals had before it the question whether a sentencing judge may order a defendant to make restitution and to reimburse the State for court costs and the services of the public defender without first inquiring into the defendant's ability to pay. The Court rejected the defendant's *Walczak* argument, noting that it was not based on a contention that the sentence was illegal. It similarly rejected the defendant's Coles argument, pointing out that the failure to timely object to the court's failure to inquire into ability to pay constitutes a waiver of the issue. This same reasoning applies to the contentions advanced by appellant here. *See also Simms v. State*, 65 Md.App. 685, 501 A.2d 1338 (1986) ("A hearing to determine ability to pay is appropriate not at the time of the imposition of the sentence but at the time of its enforcement." 501 A.2d at 1342).

JUDGMENT REVERSED; CASE REMANDED FOR NEW TRIAL.

COSTS TO BE PAID BY THE MAYOR AND CITY COUNCIL OF BALTIMORE.