508 A.2d 159
**Killes ROBINSON**

**v.**

**STATE of Maryland.**

**No. 972, Sept. Term, 1985.**

Court of Special Appeals of Maryland.

May 9, 1986.

446

Bradford C. Peabody, Asst. Public Defender (Alan H. Murrell, Public Defender), Baltimore, for appellant.

Richard B. Rosenblatt, Asst. Atty. Gen. (Stephen H. Sachs, Atty. Gen., Kurt L. Schmoke, State's Atty. for Balti-

more City and Olga Bruning, Asst. State's Atty. for Baltimore City on brief), Baltimore, for appellee.

Submitted Before MOYLAN, WEANT and GARRITY, JJ.

WEANT, Judge.

After a bench trial in the Circuit Court for Baltimore City, appellant Killes Robinson stands convicted of rape and related charges. On appeal, Robinson presents three questions:

1. Did the trial court err in accepting the Appellant's [waiver] election of a jury trial?

2. Did the trial court err in permitting a suggestive identification, in court?

3. Was the evidence sufficient to sustain the Appellant's convictions?

## Facts

At trial, Rosalind Canada, the prosecuting witness, testified that she awoke during the night of 9 July 1984 to find a man, whom she later identified as Robinson, standing over her with his penis in one hand and a screwdriver in the other. When he attempted to force her legs apart, she told him, "not here, my son is going to wake up." Robinson told her to bring her infant son into the back bedroom where he ordered her to strip. As she complied, the baby began to cry. Her assailant told her to "shut him up" and pointed the screwdriver at the infant; she took the child in her arms and quieted him. As she held her son, Robinson proceeded to rape her while continuing to point the screwdriver at her. Ms. Canada testified that she tried to remain calm and "go along with it" because she had read that that was the best course of action in a rape situation.

Robinson left by the back window through which he had apparently arrived. Investigating officers found that a small screen, which had held the window open, had been removed and placed inside the back bedroom.

Ms. Canada positively identified a photograph of Robinson, testifying that she was "absolutely sure" that it was he who had assaulted her. Canada also identified Robinson in court.

### 1.

■ Appellant's first question has to do generally with just what information under Md.Rule 4–246(b)[1] must be given a criminal defendant in order that his waiver of a jury trial be "knowing and voluntary." Stated precisely, the issue before us is: Must a defendant, before a waiver of jury trial is accepted, be advised specifically that whether trial is by jury or by the court, his guilt must be found to be beyond a reasonable doubt? Because we think that the cases upon which appellant relies are no longer controlling, and because we think that the record in this case shows that appellant's waiver of a jury trial was knowing and voluntary, we answer this question in the negative.

On the first day of appellant's trial, the following colloquy took place in open court:

[Defense Counsel]: We are familiar with the allegations of the other charges. Waive the reading of those charges. The pleas are not guilty generally and a court trial is prayed; is that right, sir?

[Appellant]: Yes.

[Defense Counsel]: I have explained to you that you have an absolute right to be tried by a jury; do you understand that?

[Appellant]: Yes, I do.

[Defense Counsel]: And if you had asked for a trial by jury, that jury would have been composed of twelve

---

1. Rule 4–246(b) states:

> A defendant may waive the right to a trial by jury at any time before the commencement of trial. The court may not accept the waiver until it determines, after an examination of the defendant on the record in open court conducted by the court, the State's Attorney, the attorney for the defendant, or any combination thereof, that the waiver is made knowingly and voluntarily.

citizens male and female, black and white, each taken from the voter's list of Baltimore City. Each of those persons would have had to have agreed that you were guilty of these offenses before you could be found guilty of them; do you understand that?

[Appellant]: Yes, I do.

[Defense Counsel]: You understand that if even one is [*sic*] those persons disagreed on one or, both of these charges as to whether you were guilty or innocent, you could not then be found guilty and that would be a mistrial and then the State would decide whether to try the case over again; you understand that?

[Appellant]: Yes, sir, I do.

[Defense Counsel]: Now, you and I have discussed this and I will represent to the court I have talked to his mother and father about it and are you in agreement that you want to have a court trial?

[Appellant]: Yes.

[Defense Counsel]: You understand it is your decision; you understand that?

[Appellant]: Yes, I do.

Missing from defense counsel's explanation is any reference to the standard of proof in a criminal trial—guilty beyond a reasonable doubt. Appellant contends that because of this omission, the trial court's acceptance of his waiver was error. As authority for this proposition, appellant relies upon *Hunt v. State*, 286 Md. 541, 408 A.2d 392 (1979) and *State v. Ricketts*, 290 Md. 287, 429 A.2d 1025 (1981), in both of which cases convictions were overturned as a result of just such an omission.

### *Prior Case Law under Former Rule 735*

*Hunt* and *Ricketts* relied upon *Countess v. State*, 286 Md. 444, 408 A.2d 1302 (1979). The issue in *Countess* was what would satisfy the requirement of former Rule 735(d) [2]

---

2. Former Rule 735(d) states:

(from which current Rule 4–246(b) is derived) that a defendant's oral election of a court trial be made "with full knowledge of his right to a jury trial." To decide this question, the Court looked to former Rule 735, subsection (b),[3] which provided for a written election of a court or jury trial that contained a defendant's express acknowledgment that he understood certain specific aspects of a jury trial, including the reasonable doubt standard. The Court then stated:

> What the Rule contemplates is that the defendant have a basic understanding of the nature of a jury trial. We think that this understanding is generally satisfied when the defendant entitled to a jury trial knows that he has the right to be tried by a jury of 12 persons or by the court without a jury; that whether trial is by a jury or by the court, his guilt must be found to be beyond a reasonable doubt; that in a jury trial all 12 jurors must agree that he is so guilty but in a court trial the judge may so find.

286 Md. at 455, 408 A.2d at 1308.

Thus, the specific requirements of a written election contained in former Rule 735(b), including the reasonable

---

If the defendant elects to be tried by the court, the trial of the case on its merits before the court may not proceed until the court determines, after inquiry of the defendant on the record, that the defendant has made his election for a court trial with full knowledge of his right to a jury trial and that he has knowingly and voluntarily waived the right. If the court determines otherwise, it shall give the defendant another election pursuant to this Rule.

**3.** Former Rule 735(b) states, in pertinent part:

I know that I have a right to be tried by a jury of 12 persons or by the court without a jury. I am aware that before a finding of guilty in a jury trial all 12 jurors must find that I am guilty beyond a reasonable doubt. I am aware that before a finding of guilty in a court trial the judge must find that I am guilty beyond a reasonable doubt.

I hereby elect to be tried by: _____
(insert "the court" or "a jury")

doubt language, became the standard by which oral waivers under former Rule 735(d) were measured. The *Countess* Court made it clear that the petitioners there in no way challenged the constitutional effectiveness. of the waiver and that its decision was based exclusively on the requirements of former Rule 735 which if complied with, said the Court, at least satisfied the constitutional standard. 286 Md. at 453 n. 7, 408 A.2d at 1307 n. 7 and accompanying text.

*Hunt* and *Ricketts* then, relied expressly upon *Countess* and its construction of former Rule 735 in holding that a jury trial waiver accepted in the absence of a specific advisement concerning the reasonable doubt standard would be vitiated by that omission.

The respective parties in *Ricketts* made substantially the same policy arguments presented to us today. The State's position was (and is) that because the reasonable doubt standard applies equally to a jury or nonjury trial, there is no need to advise a defendant that the jurors must find him guilty beyond a reasonable doubt. Appellant argues that the concept of reasonable doubt is different in a jury trial, and that it should be understood that, when taken with the unanimity requirement, the reasonable doubt standard means that one may avoid conviction if that degree of doubt is raised in the mind of just one of twelve jurors as opposed to one judge.

The *Ricketts* Court declined to opine on those arguments, stating that "regardless of our views on the policy argument made by the State, we may not disregard the clear intent expressed in Rule 735." 290 Md. at 292, 429 A.2d at 1027. The Court then said that if, as the State argued, the rule was unnecessary or inadvisable, the proper remedy was for the Legislature or the Court of Appeals, in its rule making capacity, to change the rule. *Id.* at 293, 429 A.2d at 1028. In this regard, the Court noted that the Standing Committee on Rules of Practice and Procedure was then in the process of reviewing and revising the rules applicable to

criminal causes, and the Court invited the parties to communicate their views to the Committee.

### Effect of the Revision of Former Rule 735

Effective 1 January 1982, former Rule 735 was substantially revised. Revised Rule 735 eliminated the provisions for a written waiver that were specifically relied upon by *Countess* and, in turn, *Ricketts.* Revised Rule 735(b), which sets out the procedure for acceptance of a waiver, provided as follows:

> A defendant may waive the right to a trial by jury at any time before the commencement of trial. The court may not accept the waiver until it determines, after an examination of the defendant by the court or by the State's Attorney or by the attorney for the defendant on the record in open court, that the defendant knowingly and voluntarily waived a jury trial.

This is substantially the same language as current Rule 4–246(b), *supra* n. 1.

The report of the Standing Committee on Rules of Practice and Procedure reveals that the Committee's recommendation was that section (b) of the Rule explicitly set forth those specific points a defendant must understand in order to knowingly waive a jury trial. These points were (1) the defendant has the right to be tried by a jury of 12 persons or by the judge without a jury; and (2) before a finding of guilty in a jury trial, all twelve jurors must agree that the defendant is guilty. The Committee specifically eliminated the requirement that a defendant be advised that both a judge and jury would be required to find him guilty beyond a reasonable doubt, stating that it was doing so because the standard is the same in a court and a jury trial. Seventy-fifth Report of the Standing Committee on Rules of Practice and Procedure, Oct. 26, 1981. The minutes of the Court of Appeals' meeting at which the revised rules were adopted do not indicate why the Court of Appeals eliminated the two specific points of understanding recommended by the Committee and added instead the more general term

"knowingly." Minutes at November 6, 1981 meeting, Court of Appeals. We believe, however, that the Court did not wish to tie the waiver of a fundamental right such as a jury trial to any set litany but wanted instead to entrust the trial judge with the determination that the waiver was, under the circumstances, "knowing."

The January, 1982 revision of former Rule 735 eliminated the explicit reason for the holding of *Hunt* and *Ricketts.* Current Rule 4–246(b) being substantially the same as revised Rule 735(b), we are persuaded that we should no longer require a recitation on the record of the reasonable doubt standard as a precondition for a trial court's acceptance of a waiver of jury trial unless we do so on the basis of a policy decision—the question deliberately left open by *Ricketts.* 290 Md. at 291–92, 429 A.2d at 1027.

### Standard for Waiver of a Fundamental Right

■ To satisfy constitutional due process standards, the waiver of a jury trial, a fundamental right, must constitute "an intentional relinquishment or abandonment of a known right or privilege." *Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). The Court of Appeals has made it clear that the "knowing and voluntary" language of former Rule 735 (and, we think, by logical implication, current Rule 4–246) was intended to incorporate the constitutional due process standard for waiver of a fundamental right but no more. *See Dortch v. State,* 290 Md. 229, 235, 428 A.2d 1220, 1223 (1981); *Countess,* 286 Md. at 455, 408 A.2d at 1307.

The constitutional standard, as set forth by the Supreme Court in the area of acceptance of guilty pleas, is carefully reviewed and interpreted by the Court of Appeals in *Davis v. State,* 278 Md. 103, 361 A.2d 113 (1976). There the Court concluded that due process did not require trial judges to go through any particular litany before accepting a defendant's guilty plea, *id.* at 114, 361 A.2d at 119, stating that it was only necessary for the record to disclose that the plea was entered voluntarily and understandingly. Courts, said

*Davis*, in determining compliance with this standard, look to the "totality of the circumstances as reflected by the entire record." *Id.* at 109, 361 A.2d at 116. This is in accord with the landmark Supreme Court case concerning waiver, *Johnson v. Zerbst*, 304 U.S. at 464, 58 S.Ct. at which stated: "The determination of whether there has been an intelligent waiver ... must depend, in each case, upon the particular facts and circumstances surrounding that case...." *See also State v. Priet*, 289 Md. 267, 424 A.2d 349 (1981) (the required determination can only be made on a case-by-case basis taking into account the relevant circumstances in their totality as disclosed by the record).

We think that because the entering of a guilty plea serves as a simultaneous waiver of three fundamental rights—the privilege against compulsory self-incrimination, the right to a jury trial, and the right to confront one's accusers—as well as a waiver of all non-jurisdictional defects in the proceeding, *Davis* and other cases addressing the standard for acceptance of a guilty plea apply with even greater force where waiver is of the single right of a jury trial.

In a case involving a jury trial waiver, which was decided after the substantive rule revision of Jan. 1, 1982, this Court noted that "[t]he changes evident in Md.Rule 735(b) reveal an intent to relax the requirement of the strict litany found in *Countess*, while, at the same time, assuring the defendant's right to a knowing and voluntary waiver." *Suggs v. State*, 52 Md.App. 287, 291, 449 A.2d 424, 426 (1982). Further, this Court has recently interpreted *Suggs* as standing for the proposition that "the inquiry mandated by the rule [4–246(b)] does not contemplate any particular form *or content.*" *Bell v. State*, 66 Md.App. 294, 297 n. 1, 503 A.2d 1351, 1353 n. 1 (1986) (emphasis added).

### The Case Sub Judice

■ In the instant case, appellant, on the record, acknowledged his understanding that he had an absolute right to a jury trial, that the jury would have been composed of twelve citizens taken from the city voter list without regard

for race or gender, that each juror would have had to find him guilty, and that even one juror's disagreement would have resulted in a mistrial. These advisements were made on the record by appellant's own attorney who also elicited affirmation from appellant that counsel and appellant had discussed the subject, and that counsel had also talked to appellant's parents about the waiver.

We have no doubt that, under the circumstances, appellant realized what he was doing and that he knowingly and voluntarily waived his right to a jury trial. To allow him now to claim otherwise, on the basis of his own lawyer's failure to put a recitation of the reasonable doubt standard on the record, would subordinate the substantive issue—whether the waiver was made knowingly—to a pointless review of form. This we decline to do.

We hold, therefore, on the basis of clear signals from the Court of Appeals, that the specific "reasonable doubt" language expressly required by the wordage of pre-1982 Md.Rule 735 is no longer required. It will only be necessary for the trial court to determine whether, under the totality of the circumstances as reflected by the entire record, the defendant is relinquishing his right knowingly and voluntarily.

### 2.

■ Based on Ms. Canada's positive photo identification of appellant, a warrant was issued for his arrest. When police went to appellant's house to execute the warrant, they mistakenly arrested his brother Artie whom they found hiding in a basement closet. One of the officers testified that there were no lights in the house, that the arrest was accomplished by the illumination of a flashlight, and that there was a physical similarity between appellant and his brother. A fingerprint check at the station revealed the error.

Because of the police misidentification, appellant's brother was brought into the courtroom, after Ms. Canada had

identified appellant as her assailant, to find out if she too could have confused the two. Defense counsel objected. Appellant now argues here that the procedure was unduly suggestive in that Canada had already identified appellant before his brother was produced in the courtroom, and for that reason, there could be no doubt in her mind as to whom she had already identified.

We think appellant's contention is without merit. Ms. Canada identified appellant with certainty twice before Artie appeared. The fact that police officers, working in the dark with only a photo, could be confused by a sibling resemblance, does not mean that the victim, who had ample opportunity to observe her attacker over an extended period of time, would be similarly in doubt. Ms. Canada's photo and in-court identifications were made without suggestive means and without objection. This subsequent identification did not, and indeed could not, taint the positive identification which occurred prior in time.

### 3.

Appellant's third contention is that there was insufficient evidence to support his convictions for (a) second degree rape and (b) for burglary.

### (a)

A person is guilty of rape in the second degree if the person engages in vaginal intercourse with another person by force or threat of force against the will and without the consent of the other person. Md.Ann.Code art. 27, § 463(a)(1). All that is required to prove "force" or "threat of force" is, that in the mind of the victim, she was placed in reasonable apprehension of imminent bodily injury of such a nature as to impair or overcome her will to resist. R. Gilbert and C. Moylan, *Maryland Criminal Law: Practice and Procedure,* § 5.4–1 at 72 (1983); *State v. Rusk,* 289 Md. 230, 424 A.2d 720 (1981). Threats of force need not be made in any particular manner, *id.* at 246, 424 A.2d at 728; indeed, conduct rather than words may convey the

threat. *Id.* The question of whether the intercourse has been accomplished by force is one of fact, *Johnson v. State,* 232 Md. 199, 192 A.2d 506 (1963), which we review only to determine if, "after reviewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Rusk,* 289 Md. at 240, 424 A.2d at 725 (quoting *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979)).

■ In the instant case it is clear that Robinson's threatening gestures with a screwdriver toward the victim and her child were enough for the judge to have found that the element of force was established. The victim's compliance under the circumstances was entirely understandable.

### (b)

■ Lastly, appellant argues that because he entered the victim's house through an open window, one of the necessary elements of a burglary—a "breaking"—was not established.

The crime of common law burglary, which is still the law in Maryland, is defined as the breaking and entering of the dwelling house of another in the nighttime with an intent to commit a felony. *Sizemore v. State,* 10 Md.App. 682, 685, 272 A.2d 824, 825 (1971). In *Jones v. State,* 2 Md.App. 356, 360, 234 A.2d 625, 628 (1967), this Court clarified the "breaking" requirement by stating: "the word 'breaking' in the definition of burglary is used in a technical rather than popular sense, and there is a breaking if the intruder, by force, removes an obstacle [which], if left untouched would prevent entrance." In the instant case the aforementioned small screen was removed from the window to allow entrance. The breaking was complete.

*JUDGMENTS AFFIRMED.*

*COSTS TO BE PAID BY APPELLANT.*