BATTAGLIA, J.,
concurring.
I concur with the Majority’s conclusion that “in both cases under review, the trial judges failed to comply with Rule 4-246(b)” by failing to strictly adhere to both prongs of the waiver analysis. Maj. Op. at 690, 89 A.3d at 1135. I write *698 separately, however, to state that Rule 4-246 requires strict compliance by the trial judge, such that his or her failure to adhere to requirements requires appellate review whether or not there was an objection to the failure to announce. The nature of the judge’s failure should not be controlled by the possibility of hapless counsel. In Valonis, we were very clear that the judge was the responsible actor in the colloquy to ensure that the defendant was protected:
Rule 4-246(b) is a rule of procedure governing the waiver of a fundamental constitutional right. Its provisions specifying that the defendant be examined on the record regarding his or her waiver of the right to a jury trial, and that the trial court make a determination and announcement with regard to whether the waiver was knowingly and voluntarily made are subject to strict compliance. Because the onus is on the trial court to announce its determination, it would be, as indicated by the Court of Special Appeals in the Valonis case, “perverse to penalize [the defendant] for failing to alert the court to [an] error in a procedure whose whole purpose was [and is] for the court to ensure that [the defendant] understood what was going on.” As Judge Bell, now Chief Judge of this Court, writing for the Court of Special Appeals noted in Bell v. State, 66 Md.App. 294, 298, 503 A.2d 1351, 1353-54 (1986) (citations omitted) in his review of Maryland case law, the record should affirmatively show compliance with the Rule’s tenets, and “failure to object does not preclude appellate review.” The waiver of the constitutional right to a trial by jury must “appear affirmatively in the record, and a failure of it to so appear is not grounds for dismissal of the appeal ... [i]ndeed, it is the very basis of the appeal.” Id. (citations and quotations omitted). Moreover, because of the importance of this Rule in this case it is desirable that we opine on the matter “to guide the trial court or to avoid the expense and delay of another appeal.” Md. Rule 8-131 (a).
Valonis v. State, 431 Md. 551, 568-69, 66 A.3d 661, 671 (2013). In sum, it is indeed a “perversity” to require an objection, as it would be to require, for judicial intervention, an individual to *699 remind a police officer that he did not advise the accused of his Miranda rights.[1]

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966)